Rios-Chirino v. Barr

BIA
Straus, IJ
A206 629 532

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand nineteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

EDUARDO DAVID RIOS-CHIRINO,
> *Petitioner,*

v.                                          17-2546
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael Boyle, North Haven, CT.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Mary Jane
                         Candaux, Assistant Director;
                         Stephanie E. Beckett, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Eduardo David Rios-Chirino, a native and citizen of Honduras, seeks review of a July 18, 2017, decision of the BIA affirming a November 21, 2016, decision of an Immigration Judge ("IJ") denying Rios-Chirino's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Eduardo David Rios-Chirino,* No. A206 629 532 (B.I.A. July 18, 2017), *aff'g* No. A206 629 532 (Immig. Ct. Hartford Nov. 21, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or

political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010). Asylum or withholding of removal "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). An applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007).

Substantial evidence supports the agency's determination that Rios-Chirino failed to demonstrate that the harm he suffered or fears would be on account of a family-based social group. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282-83 (2d Cir. 2006) (applying substantial evidence standard to nexus determination). Rios-Chirino provided only minimal circumstantial evidence that the gang members who assaulted him and his cousin were motivated to harm him because his grandfather stopped paying MS-13. *See*

3

*Elias-Zacarias*, 502 U.S. at 483. Although, when first asked for the reason the gang members attacked him, Rios-Chirino stated, "the existing problem, my grandfather not paying the money . . . They told us about that. Because my grandfather didn't want to pay much money to them." However, when asked on cross-examination if the gang members said why they targeted him, Rios-Chirino answered, "[n]o, they just were able to take the telephone, the bike, and the money." Rios-Chirino's written statement did not report that the gang members mentioned his grandfather. Because his testimony is unclear about what, if anything, the gang members said about his grandfather, and he later testified that the gang members did not give a reason for targeting him, the agency reasonably concluded that Rios-Chirino did not establish that his family membership was one central reason for his assault. *See Acharya*, 761 F.3d at 297. Additionally, Rios-Chirino's testimony that the gang members asked him and his cousin what gang they belonged to is circumstantial evidence that they were targeted based on suspected gang membership. *See Elias-Zacarias*, 502 U.S. at 483.

Furthermore, Rios-Chirino did not allege that any of his

4

family members in Honduras have been threatened or harmed since his and his cousin's 2013 assault.  This undermines his assertion that his family members or young family members are being targeted.  *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding claimed fear of future persecution weakened when similarly situated family members remain unharmed in petitioner's native country).

Because Rios-Chirino had little evidence linking his assault to his family ties and no evidence that any family member has been harmed since 2013, the agency did not err in finding that Rios-Chirino failed to establish that family membership or a family-based social group was a central reason that he was harmed or would be harmed by gang members.  *See Elias-Zacarias*, 502 U.S. at 483; *Acharya*, 761 F.3d at 297. Because the agency's determination that there was insufficient proof of this nexus disposes of Rios-Chirino's case, it is unnecessary to reach the agency's finding that Rios-Chirino's assault did not rise to the level of persecution.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court